# Exhibit A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 21513138**
**Date Processed: 05/15/2020**

| | |
|---|---|
| **Primary Contact:** | Rita DAmico<br>Hyatt Hotels Corporation<br>150 N Riverside Plz<br>Fl 14<br>Chicago, IL 60606-1598 |
| **Entity:** | Hyatt Corporation<br>Entity ID Number 0007499 |
| **Entity Served:** | Hyatt Corporation |
| **Title of Action:** | Janice Thrasher vs. Hyatt Hotel Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Gwinnett County State Court, GA |
| **Case/Reference No:** | 20-C-02854-S1 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 05/14/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Nathaniel J. Middleton<br>404-286-4441 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# NATHANIEL J. MIDDLETON
### Attorney at Law
Email: nathanieljmiddleton@gmail.com
3951 Snapfinger Parkway · Suite 515 · Decatur, Georgia 30035

---

Office: 404-286-4441   •   Cellular: 770-329-1747   •   Fax: 404-996-6788

---

May 11, 2020

Sent Via Certified Return Receipt: 7019 0700 0001 8857 0524

Corporation Service Company
40 Technology Pkwy, South
#300
Norcross, Georgia 30092

**Re:**   Our Client: THRASHER, JANICE
Your Client: HYATT CORPORATION
Case Number: 20-C-02854-S1
Janice Thrasher v. Hyatt Hotel Corporation and Hyatt Corporation

The attached is Enclosed
**DOCUMENT DESCRIPTION:**

- CASE FILING INFORMATION FORM;
- SUMMONS;
- COMPLAINT FOR DAMAGES

**REMARKS: Please contact our office at the number(s) listed above regarding any questions.**

Sincerely,
**LAW OFFICE OF NATHANIEL J. MIDDLETON**

*[signature]*
Katora "Tori" Eze
Paralegal to Nathaniel J. Middleton, Esq.



E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**20-C-02854-S1**
5/11/2020 2:53 PM

*[signature]*
CLERK OF STATE COURT

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of **GWINNETT** County

**For Clerk Use Only**

Date Filed **05-11-2020**
MM-DD-YYYY

Case Number **20-C-02854-S1**

**Plaintiff(s)**
THRASHER, JANICE
Last    First    Middle I.    Suffix    Prefix

**Defendant(s)**
HYATT HOTEL CORPORATION
Last    First    Middle I.    Suffix    Prefix

HYATT CORPORATION
Last    First    Middle I.    Suffix    Prefix

Plaintiff's Attorney _____  Bar Number _____  Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____  _____
Case Number    Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.18

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**20-C-02854-S1**

5/11/2020 2:53 PM

CLERK OF STATE COURT

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**JANICE THRASHER**

PLAINTIFF

CIVIL ACTION NUMBER: **20-C-02854-S1**

VS.

**HYATT CORPORATION**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Nathaniel J. Middleton, Esq.
3951 Snapfinger Parkway, Suite 515
Decatur, Georgia 30035

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **11th** day of **MAY**, 20**20**.

Richard T. Alexander, Jr.,
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Case 1:20-cv-02517-SDG   Document 1-1   Filed 06/15/20   Page 6 of 14

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**20-C-02854-S1**

5/11/2020 2:53 PM

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JANICE THRASHER, | ) |
| Plaintiff, | ) Civil Action File No.: **20-C-02854-S1** |
| v. | ) |
| HYATT HOTEL CORPORATION and HYATT CORPORATION | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

### COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, JANICE THRASHER (hereinafter "Plaintiff"), by and through her undersigned counsel and brings this Complaint for Damages against Defendants HYATT HOTEL CORPORATION and HYATT CORPORATION (hereinafter collectively "Defendants"), by showing this Court as follows:

### JURISDICTION AND PARTIES

**1.**

This claim is brought pursuant to this Court's general jurisdiction over civil cases.

**2.**

The Plaintiff resides at 2204 Glen Ray Court, Virginia Beach, Virginia 23454 and is subject to the jurisdiction of this Court.

**3.**

Upon information and belief, Hyatt Hotel Corporation is corporation organized and existing under the laws of Delaware and is a Foreign Profit Corporation registered in the State of Georgia, with a principal place of business at 150 N. Riverside Plaza, 14th Floor, Chicago, IL,

60606 and can be served through its registered agent at United States Corporation Company, 40 Technology Parkway South, #300, Norcross, GA 30092.

Upon information and belief, Hyatt Corporation is a wholly owned subsidiary of Hyatt Hotels Corporation and can be served through Hyatt Hotels Corporation's registered agent at United States Corporation Company, 40 Technology Parkway South, #300, Norcross, GA 30092.

## VENUE

### 4.

Upon information and belief, Defendants are subject to this Court's personal jurisdiction pursuant to the State of Georgia's Long Arm Statute under O.C.G.A. § 9-10-91 and jurisdiction granted by O. C. G. A § 15-7-4.

### 5.

At all times mentioned herein, Defendants either independently or jointly owned, operated, controlled, and/or managed the Hyatt Regency Hotel located at 4000 Summit Blvd, Atlanta, GA 30319 where the incident occurred.

## STATEMENT OF THE FACTS

### 6.

On June 24, 2018, Plaintiff, an Invitee at Defendant's Hyatt Regency Hotel and while utilizing the hotel's guest stairwell in returning to her room, slipped and fell down the stairwell due to an unattended jelly-like sticky liquid substance that was present on an unleveled loose area of carpet that aligned the stairwell.

### 7.

Solely as a result of the injuries stated herein, the Plaintiff has incurred damages including:

a) Medical expenses;

b) She has, may, and probably will for an indefinite time in the future suffer great pain, inconvenience, embarrassment, and mental anguish;

c) She has, may, and probably will for an indefinite time in the future be deprived of ordinary pleasures of life, loss of well-being, and equanimity; and

d) Her overall health, strength, and vitality have been greatly impaired.

## COUNT I
## NEGLIGENCE OF THE DEFENDANTS

### 8.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 7 above as if fully restated.

### 9.

The Defendants are guilty of negligence pursuant to O.C.G.A §51-1-2.

### 10.

The aforesaid incident occurred as a result of the negligence and carelessness of the Defendants, which consisted inter alia of the following particulars:

a) Failing to properly supervise the common area(s) in question so as to furnish a safe walking area free from hazards which was recognized or should have been recognized as causing or likely to cause the serious physical harm to the Plaintiff and others;

b) Failing to maintain a safe condition to insure that the Plaintiff would not be caused to slip and fall as a result of unattended spilled liquid matters on the common area floors and/or unleveled loose carpet which was known and should have been known to the Defendants;

c) Failing to maintain the premises owned and operated by the Defendants in a good and safe condition for the Plaintiff and others;

d) Otherwise failing to exercise the degree of care required under the circumstances and Otherwise being negligent.

### 11.

As a result of the breach of care of the Defendants, Plaintiff sustained injuries, losses, and damages which were more fully described above, without any negligence of the Plaintiff contributing thereto.

### COUNT II
### PREMISE LIABILITY

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 11 above as if fully restated.

### 12.

The Defendants are guilty of negligence for failure to exercise ordinary care in keeping their premises and approaches safe pursuant to O.C.G.A §51-3-1.

### 13.

Plaintiff was lawfully on the Defendants' premises at the time of the incident.

### 14.

Defendants owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

**15.**

Defendants had a legal duty to keep their premises in a state consistent with the due regard for the safety of its invitees. The failure to exercise reasonable care in inspecting and keeping the premises in a safe condition amounts to negligence by the Defendants.

**16.**

Defendants was negligent in failing to maintain, inspect and manage the premises at issue, thereby creating an unreasonable risk of injury to their invitees, including Plaintiff.

**17.**

All of Plaintiff's losses were, are and will be due solely to and by reason of the carelessness and negligence of the Defendants without any negligence or want of due care on the Plaintiff's part contributing thereto.

**18.**

Defendants knew of, or with the exercise of due and reasonable care for the safety of its invitees, should have known of the dangerous and hazardous conditions. The failure to properly maintain, inspect and manage the premises created an unreasonable risk of injury to the Plaintiff.

**19.**

Plaintiff did not know of and could not reasonably have learned of the danger posed by the unattended jelly-like sticky liquid substance that was present on an unleveled loose area of carpet the aligned the stairwell

## COUNT III

## VICARIOUS LIABILITY

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

**20.**

The Defendants are guilty of the negligent acts committed by their employees pursuant to O.C.G.A §51-2-2.

**21.**

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where plaintiff fell were employed by the Defendants and were acting within the scope of their employment.

**22.**

Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT IV

## NEGLIGENT TRAINING & SUPERVISION

**23.**

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

**24.**

The Defendants are guilty of negligence for failing to properly train and supervise heir employees pursuant to O.C.G.A §51-2-2.

**25.**

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections for hazardous conditions were performed on the premise and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

**26.**

As a result of defendants' negligence in training and supervising its employees, plaintiff was injured on the premises.

## COUNT V
## DAMAGES

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

**27.**

Pursuant to O.C.G.A §51-12-4, as a result of Defendants' negligence, Plaintiff is entitled to recover for the injuries sustained, pain and suffering, the costs of past and future care and treatment, and all other elements of damages as allowed under the laws of the State of Georgia, including special damages, compensatory damages and consequential damages.

**28.**

Because Defendant's actions evidence a species of bad faith and have caused Plaintiff undue expenses, Plaintiff is entitled to recover her necessary expenses in litigation, including award of attorney's fees and expenses required by this action pursuant to O. C. G. A § 13-6-11.

Furthermore, Plaintiff is entitled to all expenses of litigation and attorney's fees pursuant to all other Georgia statutory and common laws.

**WHEREFORE**, Plaintiff prays that she has a trial on all issues and judgment is issued against the Defendants as follows:

(a) The Defendants be served with summons, process and a copy of this Complaint as provided by law;

(b) That the Plaintiff be granted a trial by jury as to all triable issues in this cause;

(c) That the Plaintiff receive judgment against the Defendants for special, general and compensatory damages as determined at trial as well as costs of litigation and expenses;

(d) That the Plaintiff recovers such other and further relief as is just and equitable under all circumstances alleged and contained herein.

Respectfully submitted this 11th day of May, 2020.

BY:  */s/Nathaniel J. Middleton*
Nathaniel J. Middleton, Esq.
Georgia Bar Number 504909
Attorney for Plaintiff

NATHANIAL J. MIDDLETON, ATTORNEY AT LAW
3951 Snapfinger Parkway, Suite 515
Decatur, GA  30035
404-286-4441P
404-996-6788F
nathanieljmiddleton@gmail.com



NATHANIEL J. MIDDLETON
Attorney At Law
3951 Snapfinger Parkway
Suite 515
Decatur, Georgia 30035

7019 0700 0001 8857 0524



1028

30092

Corporation Service Company
40 Technology Pkwy, South
#300
Norcross, Georgia 30092



U.S. POSTAGE PAID
FCM LETTER
TUCKER, GA
30084
MAY 12, 20
AMOUNT
$7.25
R2305E123436-07