IN THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JANICE THRASHER**,<br><br>    Plaintiff,<br><br>v.<br><br>**PERIMETER SUMMIT HOTEL, PT, LLC d/b/a HYATT HOTEL CORPORATION**,<br>**HYATT CORPORATION and HOSPITALITY VENTURES MANAGEMENT, LLC**<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:20-cv-02517-SDG<br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, by and through her undersigned counsel of record, and pursuant to Fed. R. Civ. P. 15, Fed. R. Civ. P. 19 and Fed. R. Civ. P. 21 and brings this Amended Complaint for Damages against Perimeter Summit Hotel, PT, LLC d/b/a Hyatt Hotel Corporation, Hyatt Corporation and Hospitality Ventures Management, LLC (hereinafter collectively "Defendants"), by showing this Court as follows :

## INTRODUCTION

### 1.

Plaintiff on June 24, 2018, while an invitee at the Perimeter Summit Hotel, PT, LLC d/b/a Hyatt Hotel Corporation and Hyatt Corporation located at 4000

1

Summit Boulevard Atlanta, Georgia 30319, slipped and fell down a guest stairwell due to an unattended jelly-like liquid foreign substance that was present on an unleveled loose area of carpet that aligned the stairwell. Defendants caused or contributed to the incident and are therefore liable to Plaintiff for damages caused by negligence, premises liability, vicarious liability and negligent training and supervision grounds *inter alia*.

**2.**

Pursuant to the Status Conference Hearing held on December 1, 2020, the Court has allowed Plaintiff to add Hospitality Ventures Management, LLC as an indispensible party pursuant to Fed. R. Civ. P. 15.

**JURISDICTION AND VENUE**

**3.**

The violations of Plaintiffs' rights occurred in the Northern District of Georgia. Venue for this action in the Northern District of Georgia under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions, and practices which give rise to Plaintiffs' claims occurred in this District.

**PARTIES**

**4.**

The Plaintiff resides at 2204 Glen Ray Court, Virginia Beach, Virginia 23454 and is subject to the jurisdiction of this Court.

**5.**

Upon information and belief, Defendant Perimeter Summit Hotel PT, LLC is a corporation organized and existing under the laws of Delaware with its principal place of business in the state of Connecticut -(i.e. complete diversity is preserved) - and can be served through its registered agent at Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

**6.**

Upon information and belief, Defendant Hospitality Ventures Management, LLC is a corporation organized and existing under the laws of Delaware with its principal place of business at One Lakeside Commons, 990 Hammond Drive, Suite 325, Atlanta, GA 30328 and can be served through its registered agent, Robert S. Cole, at One Lakeside Commons, 990 Hammond Drive, Suite 325, Atlanta, GA 30328.

**STATEMENT OF THE FACTS**

**7.**

On June 24, 2018, Plaintiff, while an invitee at the Perimeter Summit Hotel, PT, LLC d/b/a Hyatt Hotel Corporation and Hyatt Corporation located at 4000 Summit Boulevard Atlanta, Georgia 30319, slipped and fell down a guest stairwell due to an unattended jelly-like liquid foreign substance that was present on an unleveled loose area of carpet that aligned the stairwell. Defendants caused or

contributed to the incident and are therefore liable to Plaintiff for damages caused by negligence, premises liability, vicarious liability and negligent training and supervision grounds *inter alia*.

### 8.

Solely as a result of the injuries stated herein, the Plaintiff has incurred damages including:

a) Medical expenses;

b) She has, may, and probably will for an indefinite time in the future suffer great pain, inconvenience, embarrassment, and mental anguish;

c) She has, may, and probably will for an indefinite time in the future be deprived of ordinary pleasures of life, loss of well-being, and equanimity; and

d) Her overall health, strength, and vitality have been greatly impaired.

## COUNT I

## NEGLIGENCE OF THE DEFENDANTS

### 9.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

### 10.

The Defendants are guilty of negligence pursuant to O.C.G.A §51-1-2.

**11.**

The aforesaid incident occurred as a result of the negligence and carelessness of the Defendants, which consisted inter alia of the following particulars:

a) Failing to properly supervise the common area(s) in question so as to furnish a safe walking area free from hazards which was recognized or should have been recognized as causing or likely to cause the serious physical harm to the Plaintiff and others;

b) Failing to maintain a safe condition to insure that the Plaintiff would not be caused to slip and fall as a result of unattended spilled liquid matters on the common area floors and/or unleveled loose carpet which was known and should have been known to the Defendants;

c) Failing to maintain the premises owned and operated by the Defendants in a good and safe condition for the Plaintiff and others;

d) Otherwise failing to exercise the degree of care required under the circumstances and otherwise being negligent.

**12.**

As a result of the breach of care of the Defendants, Plaintiff sustained injuries, losses, and damages which were more fully described above, without any negligence of the Plaintiff contributing thereto.

## **COUNT II**

## **PREMISE LIABILITY**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

### **13.**

The Defendants are guilty of negligence for failure to exercise ordinary care in keeping their premises and approaches safe pursuant to O.C.G.A §51-3-1.

### **14.**

Plaintiff was lawfully on the Defendants' premises at the time of the incident.

### **15.**

Defendants owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

### **16.**

Defendants had a legal duty to keep their premises in a state consistent with the due regard for the safety of its invitees.  The failure to exercise reasonable care in inspecting and keeping the premises in a safe condition amounts to negligence by the Defendants.

**17.**

Defendants was negligent in failing to maintain, inspect and manage the premises at issue, thereby creating an unreasonable risk of injury to their invitees, including Plaintiff.

**18.**

All of Plaintiff's losses were, are and will be due solely to and by reason of the carelessness and negligence of the Defendants without any negligence or want of due care on the Plaintiff's part contributing thereto.

**19.**

Defendants knew of, or with the exercise of due and reasonable care for the safety of its invitees, should have known of the dangerous and hazardous conditions. The failure to properly maintain, inspect and manage the premises created an unreasonable risk of injury to the Plaintiff.

**20.**

Plaintiff did not know of and could not reasonably have learned of the danger posed by the unattended jelly-like sticky liquid substance that was present on an unleveled loose area of carpet the aligned the stairwell

## COUNT III

## VICARIOUS LIABILITY

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

**21.**

The Defendants are guilty of the negligent acts committed by their employees pursuant to O.C.G.A §51-2-2.

**22.**

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where plaintiff fell were employed by the Defendants and were acting within the scope of their employment.

**23.**

Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

**COUNT IV**

**NEGLIGENT TRAINING & SUPERVISION**

**24.**

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

**25.**

The Defendants are guilty of negligence for failing to properly train and supervise their employees pursuant to O.C.G.A §51-2-2.

**26.**

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections for hazardous conditions were performed on the premise and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

**27.**

As a result of defendants' negligence in training and supervising its employees, plaintiff was injured on the premises.

**COUNT V**

**DAMAGES**

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

**28.**

Pursuant to O.C.G.A §51-12-4, as a result of Defendants' negligence, Plaintiff is entitled to recover for the injuries sustained, pain and suffering, the costs of past and future care and treatment, and all other elements of damages as allowed under the laws of the State of Georgia, including special damages, compensatory damages and consequential damages.

**29.**

Because Defendant's actions evidence a species of bad faith and have caused Plaintiff undue expenses, Plaintiff is entitled to recover her necessary expenses in

litigation, including award of attorney's fees and expenses required by this action pursuant to O. C. G. A § 13-6-11. Furthermore, Plaintiff is entitled to all expenses of litigation and attorney's fees pursuant to all other Georgia statutory and common laws.

**WHEREFORE**, Plaintiff prays that she has a trial on all issues and judgment is issued against the Defendants as follows:

(a) The Defendants be served with summons, process and a copy of this Complaint as provided by law;

(b) That the Plaintiff be granted a trial by jury as to all triable issues in this cause;

(c) That the Plaintiff receive judgment against the Defendants for special, general and compensatory damages as determined at trial as well as costs of litigation and expenses;

(d) That the Plaintiff recovers such other and further relief as is just and equitable under all circumstances alleged and contained herein.

Respectfully submitted this 29th day of January, 2021.

/s/ Nathaniel J. Middleton
Nathaniel J. Middleton, Esq.
Georgia State Bar No.: 504909
Attorney for Plaintiff

Attorney for Plaintiff
The Law Office of Nathaniel J. Middleton
3951 Snapfinger Parkway, Suite 515

/s/James O. Greason
James O. Greason, Esq.
Georgia State Bar No.: 306660

Greason & Associates, PC
5300 Memorial Drive, Suite 140

| | |
|---|---|
| Decatur, Georgia 30035 | Stone Mountain, Georgia 30083 |
| (404) 286-4441 (Office) | (404) 297-9878 (Office) |
| (404) 996-6788 (Fax) | (404) 297-9879 (Fax) |
| nathanieljmiddleton@gmail.com | jamesgreasonlaw@att.net |

# IN THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JANICE THRASHER**,<br><br>    Plaintiff,<br><br>v.<br><br>**PERIMETER SUMMIT HOTEL, PT, LLC d/b/a HYATT HOTEL CORPORATION**, **HYATT CORPORATION and HOSPITALITY VENTURES MANAGEMENT, LLC**<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:20-cv-02517-SDG<br><br>**JURY TRIAL DEMANDED** |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 29th day of January, 2021, caused the within and foregoing *AMENDED COMPLAINT FOR DAMAGESN* be served on all parties by US Mail with adequate postage affixed and by using the E-File/CM/ECF electronic filing system which will automatically send electronic notification of such filing to the following:

**Jeffrey W. Melcher**
**Devin P. Arnold**
**WILSON ELSER MOSKOWITZ EDELMAN AND DICKER LLP**
3348 Peachtree Road, N.E.
Suite 1400
Atlanta, Georgia 30326
Jeffrey.Melcher@wilsonelser.com
Devin.Arnold@wilsonelser.com

12

**Robert S. Cole**
**Registered Agent for Hospitality Ventures Management, LLC**
**One Lakeside Commons, 990 Hammond Drive**
**Suite 325**
**Atlanta, GA 30328**

This 29th day of January, 2021.

/s/ Nathaniel J. Middleton
Nathaniel J. Middleton, Esq.
Georgia State Bar No.: 504909
Attorney for Plaintiff

/s/James O. Greason
James O. Greason, Esq.
Georgia State Bar No.: 306660

Attorney for Plaintiff
The Law Office of Nathaniel J. Middleton
3951 Snapfinger Parkway, Suite 515
Decatur, Georgia 30035
(404) 286-4441 (Office)
(404) 996-6788 (Fax)
nathanieljmiddleton@gmail.com

Greason & Associates, PC
5300 Memorial Drive, Suite 140
Stone Mountain, Georgia 30083
(404) 297-9878 (Office)
(404) 297-9879 (Fax)
jamesgreasonlaw@att.net