**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JANICE THRASHER,

  Plaintiff,

    v.

PERIMETER SUMMIT HOTEL PT, LLC d/b/a
HYATT HOTEL CORPORATION, and
HOSPITALITY VENTURES MANAGEMENT,
LLC,

  Defendants.

Civil Action No.
1:20-cv-02517-SDG

## OPINION AND ORDER

This matter is before the Court on Defendant Perimeter Summit Hotel PT,

LLC's (Perimeter) motion to exclude Plaintiff's expert testimony [ECF 63] and

motion for summary judgment [ECF 64], and Defendant Hospitality Ventures

Management, LLC's (HVM) motion for summary judgment [ECF 68]. After careful

review of the record, Perimeter's and HVM's summary judgment motions are

**GRANTED** [ECF 64; ECF 68]. Perimeter's motion to exclude expert testimony is

**DENIED AS MOOT** [ECF 63].

## I.    BACKGROUND

The Court adopts the facts for which there is evidentiary support from

Perimeter's Statement of Undisputed Material Facts[1] and recounts the relevant

---

[1]    ECF 66.

facts as follows. *Hampton v. Atzert*, 590 F. App'x. 942, 944 (11th Cir. 2014) ("[A] district court will accept each of the movant's facts admitted at summary judgment unless the nonmovant directly refutes these facts with concise responses."); *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008) (filing the responsive materials required by Local Rule 56.1 is the "only permissible way . . . to establish a genuine issue of material fact" in response to the moving party's assertion of undisputed facts); *cf. id.* at 1269 (stating that, where the non-movant fails to comply with Local Rule 56.1, the court still must "review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact").

This is a personal injury action premised on a slip-and-fall at a hotel located in Atlanta, Georgia. On June 22, 2018, Plaintiff Janice Thrasher arrived at the Hyatt Regency Atlanta Perimeter Hotel (the Hotel).[2] On June 24, Thrasher went to the Hotel's café for breakfast.[3] As she exited the café, she walked down the staircase connecting the café to the Hotel's lobby, holding on to the handrail to her right while looking forward.[4] As she was walking, Thrasher's "foot slipped out from

---

[2]    *Id.* at 1.

[3]    *Id.* at 2.

[4]    *Id.*

under her," and she fell down the stairs.[5] After her fall, Thrasher went to a nearby hospital, complaining of pain in her left wrist and left ankle, as well as left lower back pain that radiated down her left leg.[6]

At some point later that day, Thrasher's friend, Larry Jackson, ascended the same stairs and, according to Thrasher, reported finding a "foreign substance" on one of the steps.[7] However, he did not observe Thrasher's fall.[8] Thrasher did not see what, if anything, she slipped on and, therefore, does not know what caused her to fall.[9] After she fell, an unidentified man rushed to her aid and helped her into a chair in the lobby near the bottom of the stairs.[10] No party located the unidentified man during discovery, so the record does not contain his observations about what might have caused Thrasher's fall. No discovery was taken from any other witness about the cause of the fall, and discovery has closed.

After her injury and hospital visit, Thrasher did not seek any other medical treatment until her condition worsened in October 2018—over three months

---

[5]   *Id.*

[6]   *Id.* at 4.

[7]   *Id.* at 3–4.

[8]   *Id.*

[9]   *Id.* at 2–3.

[10]   *Id.*

later.[11] As of the time of her deposition, she could not identify anything that would have caused her condition to worsen between the date of her fall at the Hotel and when she first sought additional treatment.[12]

For its part, Perimeter disclaims any knowledge that the Hotel's stairs violated building or safety codes or that they constituted a serious risk to the safety of any of the Hotel's invitees on the date of the incident.[13] Perimeter denies the contention that there was no "routine inspection system in place" to identify hazards at the Hotel, and it likewise denies that any dangers existed at the Hotel on the date of Thrasher's fall.[14]

On May 11, 2020, Thrasher initiated this action in the State Court of Gwinnett County.[15] On June 15, then-Defendants Hyatt Hotel Corporation and Hyatt Corporation removed the case to this Court.[16] Through three separate filings, Thrasher added Perimeter and HVM as named Defendants, replacing

---

[11]   *Id.* at 4.

[12]   *Id.*

[13]   *Id.* at 5.

[14]   *Id.*

[15]   ECF 1.

[16]   *Id.* On August 25, 2020, Hyatt Hotel Corporation and Hyatt Corporation were dismissed without prejudice from this action [ECF 25].

Hyatt Hotel Corporation and Hyatt Corporation.[17] On March 3, 2021, HVM filed a motion to dismiss, followed by a purported "Amended Motion to Dismiss and Reply Brief to Plaintiff's Response to HVM's Motion to Dismiss" on March 31.[18] The Court denied that motion on July 28.[19]

On August 24, Perimeter moved to exclude Thrasher's use of expert testimony at trial,[20] and for summary judgment.[21] On September 24, Thrasher untimely responded to both of Perimeter's motions in one brief.[22] HVM moved for summary judgment on August 27, and Thrasher responded out of time on September 27.

Because Thrasher failed to timely respond to any of these motions, the Court treats the motions as unopposed. NDGa, LR 7.1(B); *see Mangham v. Westin Hotel Mgmt., LP*, No. 1:16-CV-3725-WSD, 2017 WL 4540712, at *5 (N.D. Ga. Oct. 11, 2017)

---

17  ECF 15; ECF 20; ECF 45. Although the Court ordered Thrasher to file her Second Amended Complaint on the docket as a separate entry by January 4, 2020 [D.E. 12/28/20], and Thrasher did not timely file it, neither Defendant objected, and the Court found that Thrasher articulated sufficient good cause to excuse her untimely compliance [ECF 60, at 3 n.9].

18  ECF 49; ECF 57.

19  ECF 60.

20  ECF 63.

21  ECF 64.

22  ECF 69.

(citations omitted) (counsel's "plain and unexplained disregard of the Court's Local Rules is unacceptable, and the Court declines to consider untimely [r]esponses and supporting materials."); *see also* Fed. R. Civ. P. 6(b)(1)(B).

## II.    LEGAL STANDARD

A district court must grant summary judgment where the record reflects "no genuine dispute as to any material fact" and where "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, a district court must view the evidence in the light most favorable to the non-moving party and draw "all justifiable inferences" in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *see also Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999). A district court is not permitted to make credibility determinations or weigh evidence, however, as these are jury functions. *Anderson*, 477 U.S. at 255. *See also Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).

The moving party bears the burden of demonstrating that summary judgment is appropriate. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.* This is true even if the motion is unopposed. *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) ("[The] district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits.") (quoting *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099 (11th Cir. 2004)). Where, as here, a motion for summary judgment is unopposed, "[t]he district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support." *Prop. Located at 5800 SW 74th Ave.*, 363 F.3d at 1101–02 (citations omitted).

## III.  DISCUSSION

### A.  HVM's Summary Judgment Motion

In the Order denying HVM's motion to dismiss, the Court declined to consider HVM's statute of limitations defense, which HVM had raised for the first

time in a reply brief.[23] However, the Court indicated that HVM could reassert this defense "on a dispositive motion at the appropriate time."[24] The time has come; HVM reraises the statute of limitations in its summary judgment motion.[25]

### 1.   HVM's Argument

Under O.C.G.A. § 9-3-33, the statute of limitations on Thrasher's negligence claim would typically have expired on June 24, 2020—two years from the date on which she fell and her right of action accrued. However, HVM acknowledges that this period was extended during Georgia's COVID-19-related statewide judicial emergency.[26] Relying on its emergency powers pursuant to O.C.G.A § 38-3-61, then-Chief Justice Harold D. Melton of the Supreme Court of Georgia entered several orders that extended the deadline on statutes of limitations. The third extension order stated that "[t]he 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that" limitations period.[27] Thus, HVM

---

23   ECF 60.

24   *Id.*

25   ECF 68.

26   *Id.* at 8.

27   ECF 68-4, at 4.

correctly concludes that Thrasher's statute of limitations deadline was extended until October 24, 2020.[28]

Even then, Georgia law provides a five-day grace period to effect service. O.C.G.A § 9-11-4(c). Accordingly, "[i]f the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation." *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 317 (2014) (quoting *Hilton v. Maddox, Bishop, Hayton Frame & Trim Contractors, Inc.*, 125 Ga. App. 423, 425 (1972)). "Therefore, if service is made within the five-day grace period allowed by [Rule 4(c)], it relates back to the date the complaint was filed as a matter of law." *Id.* at 317–18 (citations omitted). Accordingly, in state or federal court, Thrasher had until October 29, 2020 to perfect service, absent a showing of diligence that would excuse her delay. *Id.* at 318; *Arias v. Cameron*, 776 F.3d 1262, 1269 (11th Cir. 2015).

On December 4, 2020, Thrasher filed a motion for leave to amend her pleading, to which she attached the now-operative Second Amended Complaint that purported to add HVM as a defendant.[29] HVM claims it had no notice of this

---

[28]  *Id.* at 8.

[29]  ECF 41.

lawsuit until Thrasher attempted service of that motion on December 11.[30] After

being granted leave to do so, Thrasher filed the Second Amended Complaint as a

separate docket entry on February 1, 2021,[31] and ultimately served HVM with it

on February 21.[32] Thrasher failed by any measure to timely file the Second

Amended Complaint adding HVM as a defendant until well after her October 29,

2020 deadline to perfect service. So, HVM must be dismissed unless Thrasher's

Second Amended Complaint relates back to her initial complaint.

### 2.    Legal Standard

"Because Georgia law provides the applicable statute of limitations in this

case, if a proposed amendment relates back under Georgia law, then 'that

amendment relates back under [Fed. R. Civ. P. 15(c)(1)(A)] even if the amendment

would not relate back under federal law rules.'" *Presnell v. Paulding Cnty., Ga.*, 454

F. App'x 763, 767 (11th Cir. 2011) (alteration in original) (quoting *Saxton v. ACF

Indus., Inc.*, 254 F.3d 959, 963 (11th Cir. 2001)). Thus, the Eleventh Circuit requires

the application of Georgia's relation-back principles to this case.[33]

---

[30]   ECF 68-1, at 9.

[31]   ECF 45.

[32]   ECF 68-1, at 9.

[33]   Although Fed. R. Civ. P. 15(c) appears to permit a district court some discretion in whether to apply state relation-back law under similar facts, the Eleventh Circuit has made clear that the application of state law is mandatory. *Compare*

Georgia's Rule 15(c) applies in this instance because Thrasher attempted to add a new party in her Second Amended Complaint. Specifically, Georgia's relation back rule provides:

> Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

O.C.G.A. § 9-11-15(c).

---

Fed. R. Civ. P. 15 advisory committee's note to 1991 amendment (emphasis added) ("Whatever may be the controlling body of limitations law, *if that law affords a more forgiving principle of relation back than the one provided in this rule*, it should be available to *save the claim*.") *with Saxton*, 254 F.3d at 963. The Eleventh Circuit is not alone in applying state relation-back law, *e.g.*, *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 236 (7th Cir. 1996) (applying Illinois law pursuant to Fed. R. Civ. P. 15(c)(1)); *Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173, 1184 (3d Cir. 1994) (applying New Jersey law); *McGregor v. La. State Univ. Bd. of Supervisors*, 3 F.3d 850, 863 n.22 (5th Cir. 1993) (applying Louisiana law).

### 3.    Analysis

First, HVM concedes that the Second Amended Complaint asserts a claim that "arises out of the conduct, transaction, or occurrence set forth . . . in the original pleading," so O.C.G.A. § 9-11-15's first element is uncontested.[34] *Id.*

Second, the Georgia rule requires the putative defendant to have notice of the institution of the action, not just notice of the incidents underpinning the claims. According to the Georgia Court of Appeals,

> [b]y the plain wording of the statute, the required notice is notice of the institution of the action (*i.e.*, notice of the lawsuit itself) and not merely notice of the incidents giving rise to such action. Notice of the incidents giving rise to the litigation did not satisfy the . . . requirement that the party sought to be added must have notice of the institution of the action.

*Harrison v. Golden*, 219 Ga. App. 772, 773 (1995) (citations omitted) (cleaned up).

While HVM readily admits to having "notice of claim"[35]—that is, notice as of April 2019 that an insurance adjustor was investigating the alleged slip-and-fall[36]—there is no evidence that HVM knew this lawsuit had been initiated before

---

34   ECF 68-1, at 9.

35   *Id.*

36   ECF 68-3, at 4.

December 11, 2020. Indeed, it disclaims any such knowledge,[37] and Thrasher "has

wholly failed to show that [HVM] received notice of the institution of this action

such that [it] would not be prejudiced." *Presnell*, 454 F. App'x at 768. Thrasher's

December 4, 2020 motion for leave to amend conclusively asserts that HVM would

not be prejudiced if it had to proceed in the litigation.[38] Yet Thrasher admits in the

same paragraph that she learned of HVM's identity through Perimeter's August

24 initial disclosures[39]—months before Thrasher moved to amend and several

weeks before the already-extended statute of limitations deadline.[40] Thus,

Thrasher could have moved to amend and serve HVM with notice prior to the

statute of limitations deadline, but did not.

Because Thrasher failed to satisfy the second element of O.C.G.A. § 9-11-

15(c), her Second Amended Complaint does not relate back. *Stephens v. McDonald's

Corp.*, 245 Ga. App. 109, 110–11 (2000) (holding that an amendment adding a new

defendant did not relate back under O.C.G.A. § 9–11–15(c) where there was no

---

[37]   ECF 68-1, at 9.

[38]   ECF 23.

[39]   *Id.*

[40]   ECF 40, at 3–4.

evidence that the proposed defendant had received actual notice of the plaintiff's original complaint prior to the expiration of the statute of limitations).

Third, even if Thrasher had satisfied this second element, Thrasher has not shown that, but for her mistake in identifying the correct Defendants, HVM knew or should have known it would have been sued, which is a separate and distinct requirement under O.C.G.A. § 9-11-15(c). "[T]he plaintiff's lack of knowledge regarding the correct identity of [the defendants] is a 'mistake' *so long as the defendants in this case knew or should have known that*, but for a mistake concerning the proper identity of the party, the action would have been brought against [them]." *Eller v. Ben Tzer Yul*, No. CIV. A. 4:06-CV-028-RLV, 2006 WL 3734162, at *5 (N.D. Ga. Dec. 14, 2006) (citations omitted) (emphasis added) (cleaned up).

Thrasher has failed to satisfy the relation back elements of O.C.G.A. § 9-11-15(c). Moreover, she has failed to make a showing of diligence in perfecting service. Consequently, Thrasher's Second Amended Complaint is ineffective as to HVM, and HVM's motion for summary judgment is granted.[41]

---

[41]   ECF 68.

B.      **Perimeter's Summary Judgment Motion and Motion to Exclude Expert Testimony**

Next, the Court considers Perimeter's summary judgment motion. Thrasher primarily asserts a claim of negligence against Perimeter. "It is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation, and damages." *Goldstein, Garber & Salama, LLC v. J.B.*, 300 Ga. 840, 841 (2017) (citation omitted). In seeking judgment as a matter of law, Perimeter correctly argues that the existence of a hazard is the threshold issue in a slip-and-fall case—without a hazard, there could not have been a breach of duty.[42]

> In a slip-and-fall, "[t]he plaintiff must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control."

*Gearhart v. Belk, Inc.*, No. 18-CV-193-RWS, 2019 WL 6050223, at *2 (N.D. Ga. Nov. 15, 2019) (quoting *Am. Multi-Cinema, Inc. v. Brown*, 285 Ga. 442, 444–45 (2009)). Here, Thrasher failed to meet her burden to adduce evidence to support her claim that Perimeter possessed such knowledge. *Id.* (citing *Guevara v. NCL (Bahamas)*

---

42      ECF 72, at 7.

*Ltd.*, 920 F.3d 710, 723 (11th Cir. 2019) ("Guevara has failed to adduce evidence proving that NCL had actual or constructive notice that the subject lightbulb was out on the night that Guevara fell.")).

As an initial matter, Thrasher fails to present evidence of a hazard. She references alleged loose carpeting on the stairs and a jelly-like substance on one of the steps,[43] but Thrasher falls short of raising a dispute of material fact concerning whether one or the other caused her to fall, or whether either one actually existed at the time of her fall.[44] She merely offers evidence that Jackson, her friend, climbed the stairs sometime after her fall and reported to her that there was a "foreign substance" on the steps.[45] From Jackson's report, Thrasher appears to have concluded that she must have slipped on a jelly-like substance. However, Thrasher's arguments, based on Jackson's after-the-fact observations, are "nothing more than speculation, and fail to create a genuine issue of material fact to withstand summary judgment." *Warner v. Wood*, No. 3:16-CV-59-TCB, 2018 WL 10195950, at *2 (N.D. Ga. Jan. 16, 2018), *aff'd*, 743 F. App'x 338 (11th Cir. 2018).

---

[43]   ECF 45, ¶ 1.

[44]   ECF 69, at 4.

[45]   ECF 66, at 4.

Nor has Thrasher established a dispute of material fact regarding Perimeter's actual or constructive knowledge of the purported hazards. She has not offered any evidence that Perimeter created either putative hazard, and Perimeter has disclaimed actual knowledge of any hazard.[46] *Yasin v. Kroger Co.*, No. 1:18-CV-5839-ODE, 2020 WL 3400193, at *3 (N.D. Ga. Mar. 18, 2020) ("[A]n invitee must plead and prove . . . that the defendant had actual or constructive knowledge of the hazard . . . ."), *reconsideration denied*, No. 1:18-CV-05839-SCJ, 2021 WL 4815264 (N.D. Ga. Mar. 1, 2021).

With respect to a finding of constructive knowledge, it may be shown in one of two ways: (1) "by evidence that the [hazard] had been on the floor for a sufficient period of time that in the exercise of ordinary care, the defendant should have noticed and removed the hazard;" or (2) "by evidence that the defendant had an employee in the immediate area of the hazard who could have easily seen and removed the hazard before the plaintiff's fall." *McCullough v. Kroger Co.*, 231 Ga. App. 453, 454 (1998) (emphasis omitted) (citation omitted). Thrasher has not offered any evidence that either alleged hazard existed for a sufficient period of time that, in the exercise of ordinary care, Perimeter could have remediated it.

---

[46]   ECF 67, at 10.

Moreover, while Thrasher points to an unidentified man who helped her after her fall, she did not say whether he was a Perimeter employee.[47]

Even if Thrasher had been able to raise disputed issues of material fact with regard to the threshold elements of her negligence claim, Thrasher would still have had to establish "that [she] lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions *within the control* of the owner/occupier." *Stelly v. WSE Prop. Mgmt., LLC*, 350 Ga. App. 627, 634 (2019) (emphasis added) (quoting *Robinson v. Kroger Co.*, 268 Ga. 735, 748–749 (1997)). The undisputed evidence shows that Perimeter hired HVM to manage and operate the Hotel, and that HVM had a system for routine inspection of the Hotel to identify potential hazards.[48] If any party had control of the premises relevant to Thrasher's fall, then, it would likely have been HVM, not Perimeter. And as discussed above, HVM was not timely served with notice of Thrasher's claim. Since no record evidence shows that Perimeter exercised control over the Hotel on the date of her fall, Thrasher's negligence claim fails on this ground, too.

Thus, Perimeter's motion for summary judgment is granted as to Thrasher's negligence claim, as well as her derivative vicarious liability, negligent training

---

[47]   ECF 62, at 47–49.

[48]   ECF 67-1, at 2.

and supervision, and attorney's fees claims. *Anderson v. Dunbar Armored, Inc.*, 678

F. Supp. 2d 1280, 1329–30 (N.D. Ga. 2009) (citation omitted) (recognizing vicarious

liability and negligent hiring claims are derivative in nature); *Perkins v. Thrasher*,

701 F. App'x 887, 891 (11th Cir. 2017) ("Georgia state law claims for attorney's fees

under O.C.G.A. § 13-6-11 are derivative of Georgia tort law claims and thus require

an underlying claim."). Perimeter's motion to exclude evidence is denied as

moot.[49]

## IV.   CONCLUSION

Perimeter's and HVM's summary judgment motions are **GRANTED**

[ECF 64; ECF 68]. Perimeter's motion to exclude expert testimony is **DENIED AS**

**MOOT** [ECF 63].

---

[49]   The Court is mindful that Perimeter's motion to exclude expert testimony could likewise have been granted as unopposed due to Thrasher's untimely opposition to it [ECF 70]. As such, Perimeter would have been entitled to summary judgment on all "medical questions . . . requiring expert evidence," including those related to the causal link between Thrasher's fall and her medical care in October 2018 and beyond. *Cowart v. Widener*, 287 Ga. 622, 627 (2010) (citation omitted). However, the Court need not address the merits of the motion since summary judgment has been granted on all claims.

The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendants

and close this case.

**SO ORDERED** this 28th day of March, 2022.

_____
Steven D. Grimberg
United States District Court Judge